RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/24/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| VINCENT MICHAEL MARINO #14431-038 | DOCKET NO. 1:12-CV-1236; SEC. P |
| VERSUS | JUDGE TRIMBLE |
| W.A. SHERROD, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the pro se lawsuit initiated by Vincent Michael Marino on September 7, 2011, in the District of Columbia pursuant to <u>Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). The case was ultimately transferred to the Western District of Louisiana. Petitioner is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the Federal Correctional Institution in West Virginia (FCI - McDowell). He names the following as defendants: W.A. Sherrod, Warden of USP Pollock, and Jodi Wampler, Legal Advisor at USP Pollock.

Plaintiff is a frequent or "career" filer. He has previously filed, in this district alone, four habeas corpus petitions and two other <u>Bivens</u> suits, one of which was dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure (FRCP), and one of which is still pending.[1] Elsewhere in the United States, Plaintiff has filed a <u>Bivens</u> case, still pending in the Northern District of New

---

[1] 1:10-cv-01413, Marino v. Sherrod, et al.; 1:10-cv-01656, Marino v. Sherrod, et al.; 1:11-cv-00879, Marino v. USA, et al.; 1:11-cv-01763, Marino v. U S P Pollock, et al.; 1:11-cv-01904, Marino v. Schult; 1:12-cv-01239, Marino v. United States of America (pending).

York[2], a <u>Bivens</u> case that was dismissed for failing to pay the filing fee[3] in the District of Massachusetts, a <u>Bivens</u> suit that was dismissed on summary judgment in the Middle District of Pennsylvania[4] (appeal dismissed for failure to prosecute)[5], and a <u>Bivens</u> suit dismissed on summary judgment in the District of Massachusetts[6].

### *Factual and Procedural Background*

Plaintiff alleges that the defendants violated his constitutional rights by seizing his legal document, thereby preventing him from proving that he is suffering from harm due to "implanted devices in his brain." Defendants filed a motion to dismiss in the District of Columbia on March 5, 2012. [Doc. #11] While the motion to dismiss was pending, the case was transferred to the Southern District of West Virginia on April 19, 2012. [Doc. #16] On May 15, 2012, the case was transferred from West Virginia to the Western District of Louisiana. [Doc. #21] Plaintiff was ordered to resubmit his complaint on a court-approved form. On October 2, 2012, the case was stricken due to Plaintiff's failure to submit his complaint on the proper form. [Doc. #26] The

---

[2] 9:12-cv-801, Marino v. Watts, et al.

[3] 1:2006-cv-10367

[4] 4:06-cv-243

[5] 06-4375, 3rd Circuit Court of Appeals

[6] 1:01-cv-10116, *aff'd.* 04-1566 4th Circ. Court of Appeals.

District Judge ordered the case reopened on December 27, 2012, after Plaintiff alleged that he never received a copy of the deficiency notice or proper form. On January 11, 2013, the Plaintiff submitted an amended complaint on the form approved by this Court. [Doc. #31]

Plaintiff claims that on August 31, 2010, he requested that Defendant Wampler notarize his "civil/commercial legal document" against Partners Health Care Systems Incorporated, Boston, Massachusetts, and Wampler refused, confiscating his documents. [Doc. #1, p 2] Plaintiff also claims that Defendant Wampler unconstitutionally ordered Marino's placement in a filthy inhuman cell for over two hours without explanation, thereby unconstitutionally preventing Marino's complaint from being filed against Partners Health Care Systems Inc. [Doc. #1, p.2] Plaintiff apparently sought to file a civil suit against Partners Healthcare Systems for performing medical procedures on him without consent.

Plaintiff further alleges that Defendant Wampler "'unconstitutionally' prevented Marino from sending out legal mail ... by negligently seizing it ...." [Doc. #1, p.2-3] He further alleges that Defendant Wampler "trashed" Marino's legal paperwork and unconstitutionally stole twelve inches of assorted legal work in retaliation for Marino filing a civil suit against Partner's Health Care Systems. [Doc. #1, p.3] Plaintiff complains that

3

Defendant Sherrod acquiesced to Wampler's "intentional unconstitutional acts against Marino on August 31, 2010." [Doc. #1, p.10]

### *Preliminary Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim is factually frivolous when the facts alleged are "clearly baseless", 490 U.S. at 327, a category encompassing allegations that are

"fanciful,"[7] "fantastic,"[8], and "delusional[9]." See <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); *accord* <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

## *Analysis*

In order to state a civil rights claim cognizable under either §1983 or <u>Bivens</u>, Plaintiff must allege that (1) he was deprived of a right secured by the Constitution or law of the United States; and (2) the deprivation was caused by one acting under color of state or federal law. See <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988) (for elements of §1983 action); <u>Evans v. Ball</u>, 168 F.3d 856, 863 n. 10 (5th Cir. 1999)(noting that "[a] Bivens action is analogous to an action under §1983 - the only difference being that §1983 applies to constitutional violations by state, rather than federal, officials"). Absent either element, a claim is not cognizable under either §1983 or <u>Bivens</u>.

## *Access to Courts*

Plaintiff complains that Defendant Wampler refused to notarize a "civil/commercial legal document" against Partners Health Care

---

[7] <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

[8] <u>Id.</u> at 328.

[9] <u>Id.</u>

Systems Incorporated, Boston, Massachusetts. Plaintiff apparently wanted to file a civil suit against Partners Healthcare Systems for the "covert surgical implantation of numerous electronic devices in Marino's brain and body while under general anesthesia at the Massachusetts General Hospital."

The right of prisoners to meaningful court access "encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." Jones v. Greninger, 188 F.3d 322, 325 (5th Cir.1999). It is evident that Wampler's refusal to notarize a document did not interfere with Plaintiff's right to pursue a nonfrivolous legal claim challenging his conviction or the conditions of his confinement. Plaintiff's claims against the hospital were delusional and did not challenge his conviction or the conditions of confinement. Even if they were nonfrivolous, in order to establish a valid claim for the denial of access to the courts, an inmate must show that he suffered an actual injury as a result of the alleged denial. See Lewis v. Casey, 518 U.S. 343, 351-54 (1996). Plaintiff has not alleged that he suffered any (non-delusional) injury.

Regarding Wampler's alleged "theft" of twelve inches of legal documents, it is evident from the exhibits attached to Plaintiff's complaint that Uniform Commercial Code (UCC) documents were confiscated from Plaintiff in accordance with BOP policy, about

which Plaintiff was specifically notified well in advance. [Doc. #1, p.19] The UCC documents were contraband; those documents that were not contraband were returned to Plaintiff. [Doc. #1, p.23]

### Supervisory Liability

Plaintiff's complaint against former warden Sherrod fails because supervisory Bivens liability cannot be established solely on a theory of respondeat superior. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691 (1978)(finding no vicarious liability for a municipal "person" under 42 U.S.C. 1983; see also Dunlop v. Munroe, 7 Cranch 242, 269 (1812)(a federal official's liability "will only result from his own neglect in not properly superintending the discharge" of his subordinates' duties); Robertson v. Sichel, 127 U.S. 507, 515-516 (1888)("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties."). Because vicarious liability is inapplicable to Bivens and §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). There are no allegations of involvement by Sherrod - Plaintiff only claims that Sherrod "acquiesced" in the unconstitutional acts of Wampler. This is

7

insufficient to state a constitutional claim against Sherrod.

## Conclusion

Plaintiff's complaint presents only frivolous claims alleging that Wampler prevented him from filing suit against a hospital for covertly implanting devices in his brain and body. He has failed to present non-frivolous allegations of a constitutional violation.

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. §1915(e)(2)(B) and 1915A.

## Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM**

ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 24th day of January, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE